E-FILED
Thursday, 08 October, 2026 04:36:12 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

**KIMBERLY RICHMANN,**

**Plaintiff,**

**v.**

**AHIP IL MATTOON PROPERTIES, LLC, et al.,**

**Defendants.**

**Case No. 25-2080**

**ORDER**

Before the Court is the Motion to Compel the Defendants' Compliance with Discovery (#59) filed by Plaintiff Kimberly Richmann ("Plaintiff"). Defendants AHIP IL Mattoon Properties, LLC, AHIP IL Mattoon Enterprises, LLC, and Aimbridge Hospitality, LLC (collectively, "Defendants") filed a Response (#60) in opposition. With the Court's leave, Plaintiff filed a Reply (#63).

On March 17, 2025, Plaintiff filed a Complaint (#1) against Defendants, alleging that she was bitten by bed bugs while staying in a hotel room maintained by Defendants from April 19 to April 20, 2023. Of Plaintiff's original claims, Plaintiff's Illinois state law claims of negligence (Counts I and V) and breach of implied contract (Count II)[1] remain.

On April 3, 2026, Plaintiff served Defendants with a second set of requests for production of documents. Among other requests, Plaintiff's RFP No. 1 asked Defendants to produce "the reservation documents, receipts and any related documents for the guests that stayed in room 204 and adjacent rooms to room number 204 at the Holiday Inn Express & Suites, Mattoon, Illinois for the period of November 1, 2022, through May 1, 2023."

Defendants objected to this request on the basis that it "is overly broad, unduly burdensome, and improperly seeks private and confidential information regarding non-

[1] Judge Bruce dismissed any claim for emotional distress damages in Count II. (Order, #32 at 13).

party guests of the hotel." Defendants also objected that "the documents sought are not relevant, nor do they relate to any fact of consequence in this case."

On September 15, 2026, Plaintiff filed the present Motion to Compel. Plaintiff seeks the documents asked for in RFP No. 1.[2] Defendants oppose.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). In addition, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The district court exercises significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny the motion in whole or in part. *Id.* "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Peppers v. Credit One Bank, N.A.*, 2018 WL 8244003 (C.D. Ill. Dec. 21, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

Plaintiff argues that the guest information from the room Plaintiff stayed in (Room 204) and the adjacent rooms is relevant because Defendants' bed bug extermination protocol requires isolation of these rooms. In addition, Plaintiff argues that during the deposition of Paul Bello, Plaintiff's entomology expert, defense counsel asked how Plaintiff could have suffered bed bug bites on April 20, 2023, when no guest in Room 204 had similar complaints for a period of two weeks before or after that date. Plaintiff wants the requested records to verify when Room 204 and adjacent rooms were occupied and to call random guests that stayed in the rooms over a six-month period and ask if they were exposed to bed bugs.

---

[2] Plaintiff briefly argues that she is entitled to the contract(s) Defendants had with the Hotel's pest control contractor, Ecolab. This argument "is perfunctory, and the Court will not consider it." *Morris v. City of Rockford*, 2022 WL 7498364, at *5 (N.D. Ill. Oct. 13, 2022).

The information Plaintiff seeks is relevant to Defendants' alleged negligence. Evidence of bed bug infestation in Plaintiff's room or adjoining rooms is probative of whether Defendants were on notice of such infestation and the actions they took to eliminate such infestation. *See Mathias v. Accor Econ. Lodging, Inc.*, 2002 WL 1611582, at *1 (N.D. Ill. July 22, 2002) (finding that evidence of insects in motel rooms other than room where incident occurred was admissible because such evidence made the determination of the patrons' claims more probable).

However, Defendants report that they have already produced all Incident Reports for the relevant time period, including reports of bed bug complaints. (*See* #60, Ex. 1). None of these Incident Reports, other than Plaintiff's, reference Room 204 or an adjacent room. Further, Defendants report that Plaintiff received records, via subpoena, from the Hotel's contracted pest control service, Ecolab, regarding all services it provided to the Hotel during the relevant time period. According to Defendants, none of these reports make any reference to bed bug remediations services provided to Room 204 or the adjacent rooms.

In addition, the Court must balance relevance with proportionality. "[A]n individual possesses an interest against the disclosure of matters of personal concern." *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008). Further, "non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005). "That protection encompasses weighing the need for the material…against the burden involved in its production. Burden in this context means more than mere administrative hardship. It encompasses the interests that enforced production would compromise or injure." *Id.* Here, the non-party hotel guests are entitled to greater protection in the disclosure of their personally identifiable information.

As for the appropriate timeframe, Defendants argue the six-month timeframe is overbroad because Plaintiff's retained entomology expert testified that the life cycle of a bed bug is approximately 21 days. (*See* #59, Ex. 4 at 63:4-64:14). Plaintiff responds that

Plaintiff's expert also testified that bed bugs can accumulate over many months, if not over a year. *Id.* at 66-68. The timeframe of two weeks before and two weeks after the alleged incident is appropriate in this instance, particularly because Plaintiff seeks the requested evidence to rebut Defendants' argument that no other guest in Room 2004 had complaints of bed bug bites for a period of two weeks before and after April 20, 2023.

Accordingly, defense counsel shall mail a letter drafted by Plaintiff's counsel to the guests who stayed in Room 204 and the adjoining rooms for a period of two weeks before and after April 20, 2023. *Macias v. Mt. Olympus Resorts, LLC*, 2019 WL 3007094, at *4 (W.D. Wis. July 10, 2019) (noting that in response to the plaintiffs' motion to compel guest lists for Room 20655, the court directed defense counsel to mail a letter drafted by the plaintiffs' counsel to six sets of guests who stayed in Room 20655 before the plaintiffs' stay). This mechanism adequately balances relevance and proportionality.

For the reasons discussed above, Plaintiff's Motion to Compel the Defendants' Compliance with Discovery (#59) is GRANTED in part and DENIED in part. Within 21 days, defense counsel shall mail a letter drafted by Plaintiff's counsel to the guests who stayed in Room 204 and the immediately adjacent rooms at the Holiday Inn Express & Suites, Mattoon, Illinois for a period of two weeks before and after April 20, 2023.

No fees or costs awarded.

ENTERED this 8th day of October, 2026.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE